**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

STEPHEN TOLIVER,

    Petitioner,

    v.                                                    Case No. 02-C-1123

GARY R. MCCAUGHTRY,
Warden Waupun Correctional Institution,

    Respondent.

## DECISION AND ORDER

On February 11, 2011, this court entered a decision and order and judgment in this action granting the petitioner's petition for a writ of habeas of corpus. Pursuant to that order, the petitioner was to be "released from custody unless the State of Wisconsin commences proceedings to afford the petitioner a new trial within 90 days" from the date of the order. See Court's Decision and Order of February 11, 2011, at 14. On May 12, 2011, the respondent filed a motion to stay the execution of the judgment granting the writ of habeas corpus. (Docket #108). The respondent requests a stay "during the pendency of the respondent's current appeal of the judgment to the United States Court of Appeals for the Seventh Circuit and, should that court affirm the judgment, for 180 days after the mandate from that court." (Motion to Stay Judgment Granting Writ of Habeas Corpus [Motion to Stay] at 1). The motion will be addressed herein.

## ANALYSIS

Rule 23 of the Federal Rules of Appellate Procedure governs the release of a prisoner in a habeas corpus proceeding. Rule 23(c) provides:

>    Release Pending Review of Decision Ordering Release. While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with our without surety.

This rule "creates a presumption in favor of bail pending review." Walberg v. Israel, 776 F.2d 134, 135 (7th Cir. 1985). However, this presumption may be overcome. The United States Supreme Court has recognized that "a court has broad discretion in conditioning a judgment granting habeas relief." Hilton v. Braunskill, 481 U.S. 770, 775 (1987). In determining whether to stay an order granting habeas relief, a court should consider the following factors:

>    (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 776 (citations omitted). The Court emphasized that this "formula cannot be reduced to a set of rigid rules." Id. at 777. Specific issues that a court should consider under these four factors include the possibility that a prisoner may flee while the appeal is pending, the risk that a prisoner may pose to the public, and the state's interest in continuing custody and rehabilitation, which will be stronger when the remaining portion of the sentence to be served is long. See id. In addition, despite the presumption in favor of release embodied in Rule 23(c), the Court noted that

>    a successful habeas petitioner is in a considerably less favorable position than a pretrial arrestee . . . to challenge his continued detention pending appeal. Unlike a pretrial arrestee, a state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State.

Id. at 779.

In this case, the petitioner was convicted as a party to the crime of first-degree intentional homicide. The State of Wisconsin (State) asserts that new case law severely limits the authority

of a federal habeas court to conduct an evidentiary hearing on a claim that was adjudicated on the merits by a state court. Therefore, the State contends that this case law supports its position that it was incorrect for this court to hold an evidentiary hearing in this case and shows that the State is likely to succeed on the merits. Should it not be successful on appeal, the State intends to retry the petitioner for the lesser included crime of felony murder. Given that the petitioner has already been found guilty as a party to the crime of first-degree intentional homicide, this court finds that the State has made a showing that it is likely to succeed on the merits, either on appeal or when the matter is retried.

With respect to whether the State would be irreparably injured absent a stay, the court finds that the petitioner poses a substantial flight risk because he faces the possibility of continued confinement for the underlying offense or because he may be re-convicted for another serious offense. If the petitioner were to flee upon release, the State would suffer an irreparable injury. With respect to whether issuance of a stay would injure the other party, the petitioner has served 19 years of a life sentence and is not eligible for parole under that sentence until February 16, 2045. If the State is successful on appeal, the petitioner has at least 34 more years to serve. If the petitioner is re-convicted, even of the lesser included crime of felony murder, the likely sentence could include many more years in custody. See Wis. Stat. §§939.50, 940.03. Thus, because the petitioner likely has more years to serve than it will take to resolve this matter on appeal, the petitioner will not be irreparably harmed by a stay. Furthermore, given the remaining length of the sentence, the State's interest in continuing custody and rehabilitation pending the appeal is strong. See id. at 777.

In considering whether the public interest dictates issuance of a stay, the court finds that the petitioner's involvement in a violent crime is strong evidence that he poses a danger to

society. In addition, as the court has already found, the petitioner poses a substantial flight risk. Both public interest concerns weigh in favor of granting the stay.

Thus, having considered all relevant factors, this court will grant the respondent's motion for a stay of the judgment "during the pendency of the respondent's current appeal of the judgment to the United States Court of Appeals for the Seventh Circuit and, should that court affirm the judgment, for 180 days after the mandate from that court." (Motion to Stay at 1).

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to stay the judgment granting the writ of habeas corpus be and hereby is **granted**. (Docket #108). This court's February 11, 2011, decision and order and judgment are hereby stayed pending the appeal of this matter to the court of appeals for this circuit and, if that court affirms the judgment, for 180 days after the mandate from that court.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2011.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge